## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY CLAYTON MATLOCK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 03-CV-0196-CVE-FHM |
| | ) |
| STEVEN BECK, Warden, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner challenges his conviction on two (2) counts of Lewd Molestation entered in Tulsa County District Court, Case No. CF-2000-6338. Respondent has filed a response (Dkt. # 7) to the petition. Petitioner has filed a reply (Dkt. # 8) to Respondent's response. For the reasons discussed below, the Court finds the petition should be denied.

### *BACKGROUND*

On September 7, 2001, Petitioner entered a blind plea of guilty to two (2) counts of Lewd Molestation. On December 17, 2001, the trial court judge sentenced Petitioner to twenty (20) years, to be served fifteen (15) years in custody and five (5) years suspended. At sentencing, the trial court advised Petitioner of his right to appeal. However, Petitioner did not move to withdraw his guilty plea during the ten-day period following sentencing and did not otherwise perfect a *certiorari* appeal.

On December 23, 2002, Petitioner filed a an application for post-conviction relief. In his motion, Petitioner identified seven (7) grounds justifying relief:

    1.      He was denied his right to a direct appeal.

    2.      The trial court did not have jurisdiction to accept the plea of guilty from Petitioner since the lower court failed to hold a preliminary hearing within thirty days.

    3.      Petitioner was sentenced in violation of ex post facto prohibition.

    4.      Petitioner was sentenced in violation of double jeopardy.

    5.      Petitioner's plea was unknowing and involuntary.

    6.      The plea failed to have a factual basis.

    7.      Petitioner was denied effective counsel.

See Dkt. # 7, Ex. A. By order filed January 29, 2003, the state district court denied the requested relief. (Dkt. # 7, Ex. A). Petitioner filed a post-conviction appeal in the OCCA. By order filed April 11, 2003 (Dkt. # 7, Ex. C), the OCCA affirmed the denial of post-conviction relief.

On March 21, 2003, Petitioner filed his federal petition for writ of habeas corpus (Docket #1). He asserts six (6) claims, as follows:

Ground 1:    Petitioner was denied his state and federal constitutional right to a one and only direct appeal, by trial court and trial counsel, Kathy S. Fry. Pursuant to Title 22 O.S. § 1051, any criminal defendant has the right to seek a review of their felony conviction. This right is backed by Article II § 20 of the Oklahoma State Constitution, as well as the 5th Amendment to the U.S. Constitution, through the Due-Process and Equal Protection clauses.

Ground 2:    Petitioner was sentenced in violation of double jeopardy.

Ground 3:    Petitioner was subjected to Ex Post Facto laws.

Ground 4:    The plea was unknowing and involuntary.

Ground 5:    The plea failed to have a factual basis.

Ground 6:    Petitioner was denied his right to effective assistance of counsel.

(Dkt. # 1). In response to the petition, Respondent asserts that Petitioner's claims 2-5 are procedurally barred as a result of his failure to perfect a timely appeal from his plea of guilty. Respondent also asserts that Petitioner's claims 1 and 6, premised on ineffective assistance of counsel, should be denied based on Petitioner's failure to satisfy 28 U.S.C. § 2254(d).

## *ANALYSIS*

### A.     Exhaustion/Evidentiary Hearing

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Michael Williams v. Taylor, 529 U.S. 420 (2000).

### B.     Procedural bar

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

In this case, Petitioner failed to perfect a direct appeal following his conviction on his plea of guilty. Each of his claims was first presented to the OCCA in post-conviction proceedings. The OCCA affirmed the denial of post-conviction relief, finding that:

> The provisions of 22 O.S. 1991, § 1080, are not a substitute for a direct appeal. *Maines v. State*, 1979 OK CR 71, ¶ 4, 597 P.2d 774. Permitting one to by-pass or waive a timely and direct appeal and proceed under 22 O.S. 2001, § 1080, without supplying sufficient reason erodes the limitations and undermines the purpose of the statutory direct appeal. *See Webb v. State*, 1983 OK CR 40, 661 P.2d 904. Petitioner's application fails to articulate sufficient reason explaining his failure to timely file a certiorari appeal as set forth in Section IV, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2002). The record does not support Petitioner's contention that he was denied effective assistance of counsel and the remaining issues have been waived.

(Dkt. # 7, Ex. C at 2). Thus, the state appellate court found that with the exception of the ineffective assistance of counsel claim, the claims were procedurally defaulted because they could have been but were not raised in a *certiorari* appeal.

Applying the principles of procedural default to this case, the Court concludes that Petitioner's claims 2-5 are procedurally barred. The OCCA's procedural bar based on Petitioner's failure to comply with both Oklahoma procedural rules governing *certiorari* appeals is an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Additionally, the procedural bar based on Petitioner's failure to raise the claims in a *certiorari* appeal was an "adequate" state ground to bar each of Petitioner's claims 2-5.

As a result of Petitioner's procedural default, this Court may not consider claims 2-5 unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 510 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941042 (10th Cir. 1997). The cause standard requires a petitioner

4

to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In an effort to demonstrate "cause and prejudice" for the procedural default of his claims in state court, Petitioner states that since he "has been denied his right to a one and only direct appeal the[n] he has not procedurally defaulted any claim." (Dkt. # 8). He also asserts that claims of Double Jeopardy or Ex Post Facto are so fundamental that they cannot be knowingly waived or barred by a state procedural rule. Id.

The Court finds that Petitioner asserts ineffective assistance of counsel as "cause" for his failure to raise his defaulted claims in a *certiorari* appeal. It is well established that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. Carrier, 477 U.S. at 488-89. However, for the reasons discussed in Part C below, the Court finds that Petitioner has failed to satisfy either prong of the two-pronged standard of Strickland v. Washington, 466 U.S. 668 (1984). As a result, the Court concludes Petitioner has failed to demonstrate cause sufficient to excuse the procedural default of his claims 2-5 in state court. Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992). To meet

this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this case, Petitioner does not allege that he is actually innocent of the crimes for which he was convicted. As a result, the Court concludes that Petitioner does not fall within the fundamental miscarriage of justice exception.

The Court also rejects Petitioner's argument that Double Jeopardy and Ex Post Facto claims cannot be precluded by a procedural bar. See Selsor v. Kaiser, 22 F.3d 1029, 1034-35 (10th Cir. 1994) (citing Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993), and finding double jeopardy claim procedurally barred).

Having failed to overcome the procedural bar imposed on his claims, this Court is precluded from considering Petitioner's claims 2-5. Habeas corpus relief on those claims shall be denied.

**C. Ineffective assistance of counsel claims lack merit**

*1. Denial of right to appeal (claim 1)*

As his first proposition of error, Petitioner complains that his attorney was affected by a "conflict of interest" which prevented her from informing him of his appeal rights and obtaining a signed waiver of the right to appeal. Dkt. # 1. As a result, Petitioner claims he was denied his right to an appeal. In its order denying post-conviction relief, the state district court rejected Petitioner's claim, noting three (3) separate times in the opinion that at the time he entered his plea, Petitioner was advised of his right to appeal. Specifically, the trial court found that:

6

> . . . other than the self-serving statements of the petitioner, there is nothing to support petitioner's claim that petitioner was denied an appeal through no fault of his own. Clearly there are not facts present in petitioner's case which would invoke the holdings of *Baker v. Kaiser*, 929 F.2d 1495 (10th Cir. 1991).

(Dkt. # 7, Ex. A). In addition, the state district court applied <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and found that "Petitioner's counsel acted as a reasonably competent attorney under the facts and circumstances of this case." <u>Id.</u> The state district court also found that "Petitioner has failed to show that there is a reasonable probability that, but for counsel's alleged error, he would not have plead guilty and would have insisted on going to trial. <u>Id.</u>

The Court finds that this claim amounts to a claim of ineffective assistance of counsel for failing to take steps necessary for initiation of the appeal process. Respondent responds that Petitioner is not entitled to relief on this claim under § 2254(d). In reply to Respondent's response, Petitioner complains only that he never executed a waiver of appeal rights and that his attorney failed to obtain the waiver within the ten-day period after imposition of his sentence. <u>See</u> Dkt. # 8. Petitioner never asserts that he attempted to contact his attorney or that he requested his attorney to file a motion to withdraw plea during the ten (10) day period.

It is well established that to prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged standard enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Murray v. Carrier</u>, 477 U.S. 478, 488-89 (1986); <u>United States v. Cook</u>, 45 F.3d 388, 394-95 (10th Cir. 1995). The <u>Strickland</u> test requires a showing of both deficient performance by counsel and prejudice to Petitioner as a result of the deficient performance. <u>Strickland</u>, 466 U.S. at 687. To satisfy the deficient performance prong of the test, Petitioner must overcome a strong presumption that counsel's conduct fell within the "wide range of reasonable professional assistance [that] . . . might be considered sound trial strategy." <u>Brecheen v. Reynolds</u>, 41 F.3d 1343, 1365

7

(10th Cir. 1994) (citations omitted). "A claim of ineffective assistance must be reviewed from the perspective of counsel at the time and therefore may not be predicated on the distorting effects of hindsight." Id. (citations omitted). Finally, the focus of the first prong is "not what is prudent or appropriate, but only what is constitutionally compelled." Id. To establish the prejudice prong of the test, Petitioner must show that the allegedly deficient performance prejudiced the defense; namely, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694. Failure to establish either prong of the Strickland standard will result in denial of relief. Id. at 696.

In Roe v. Flores-Ortega, 528 U.S. 470 (2000), the Supreme Court discussed counsel's obligations in cases following a conviction by a jury or where the defendant, convicted on a plea of guilty, instructs the attorney to file an appeal but the attorney fails to do so. According to the Supreme Court, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. The Tenth Circuit Court of Appeals has determined that where a defendant is convicted on a plea of guilty and does not indicate to his attorney an intention to appeal, as in the instant case, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea. Failure to notify the defendant of this limited right is not in itself ineffective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citations omitted). Counsel has a duty to inform the defendant of the limited right to appeal from a guilty plea only "if the defendant inquires about an appeal right," or "[i]f a claim of error is made on constitutional grounds, which

could result in setting aside the plea." Id. at 1188.  Counsel has a duty to inform the defendant of his appeal rights based on error of constitutional magnitude if "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to the that claim."  Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (quotation omitted).

In this case, the record demonstrates that despite being informed by the trial court of his right to appeal and the procedures to follow to perfect an appeal, Petitioner failed to perfect a *certiorari* appeal following his convictions on his pleas of guilty.  See Dkt. # 7, Ex. E.  Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea.  The Court finds that under the facts of this case, Petitioner's attorney had no duty to confer with him concerning his appeal rights during the 10-day period following his sentencing.  As a result, the Court finds Petitioner has failed to satisfy the deficient performance prong of the Strickland standard and he is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

Furthermore, as indicated above, the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  In the instant case, Petitioner argued in his state post-conviction proceedings that he had been denied a *certiorari* appeal through no fault of his own.  However, he provided no documentation or any evidence in support of his self-serving and conclusory assertions.  As a result, the state courts found that Petitioner had failed to demonstrate that he was denied an appeal through no fault of his own.  That finding of fact by the state courts is entitled to a presumption of correctness under § 2254(e)(1).

Petitioner has the burden of overcoming the presumption of correctness by clear and convincing evidence. Again, Petitioner provides nothing in support of his claim. After reviewing the record, the Court finds Petitioner has failed to overcome the presumption of correctness afforded the state courts' finding that his claim that he was denied an appeal through no fault of his own was without merit. Petitioner is not entitled to relief under § 2254(e)(1).

### *2. Failure to provide competent advice (claim 6)*

Petitioner asserts that his counsel's advice to enter a blind plea of guilty was not reasonably competent advice and constituted a denial of due process of law. Petitioner claims that his attorney rejected two (2) separate plea agreements without first consulting him, and then coerced him into entering a blind plea. In addition, Petitioner claims his attorney lacked adequate knowledge in the area of criminal law, as reflected by the attorney's failure to object to the trial court's sentencing of Petitioner twice for the same offense. Petitioner first presented this claim to the state district court in his application for post-conviction relief. As discussed above, in denying post-conviction relief, the trial court applied the two-pronged standard defined in Strickland v. Washington, 466 U.S. 668 (1984), and found that Petitioner's trial counsel acted as a reasonably competent attorney under the facts and circumstances of the case. See Dkt. # 7, Ex. A. The trial court specifically noted that Petitioner's counsel obtained discovery materials from the State, filed a Motion to Certify Petitioner as a child and conducted a hearing before the magistrate on the motion, conducted the preliminary hearing, filed a motion to sentence Petitioner as a Youthful Offender, and resisted the States' motion to have Petitioner sentenced as an adult. See id. at 14. The trial court further found that Petitioner had failed to show that there was a reasonable probability that, but for counsel's alleged error, he would not have plead guilty and would have insisted on going to trial. Id. Citing numerous state

10

cases and <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969), the court also determined that "[a] review of the record indicates that, under a totality of the circumstances, this court complied with the requirements of the heretofore cited cases, and petitioner's plea was voluntarily and knowingly made." <u>Id.</u> at 11. Based on those findings, the trial court rejected Petitioner's ineffective assistance of counsel claim on the merits. <u>Id.</u> On post-conviction appeal, the OCCA determined that the record did not support Petitioner's contention that he was denied effective assistance of counsel and, for that reason, affirmed the trial court's denial of post-conviction relief. <u>See</u> Dkt. # 7, Ex. C.

After reviewing the record provided by the parties, the Court finds no factual basis for the ineffectiveness claim. In fact, the record refutes Petitioner's claim. In the "Findings of Fact -- Acceptance of Plea" filed in the trial court, <u>see</u> Dkt. # 7, Ex. E, Petitioner was asked, "Have you been forced, abused, mistreated, or promised anything by anyone to have you enter your plea(s)?" Petitioner circled "No." Similarly, Petitioner circled "yes" when asked, "Do you plead guilty of your own free will and without any coercion or compulsion of any kind?" Petitioner further averred that the answers provided in the form were true and correct. <u>Id.</u> Petitioner also indicated that he and his attorney reviewed the form and that he understood its contents and agreed with the answers provided. <u>Id.</u> Petitioner admitted he committed the acts as charged in the Information, and stated the factual basis for his plea, as follows:

> In Tulsa County played "Truth or Dare" when I was (15) with the victims during the game a dare involved touching in a private area. Played this game with both victims seperately (sic). The victims were ages (5) and (8) at the time of the game.

(<u>Id.</u>). In accepting Petitioner's plea, the trial court found that Petitioner had been sworn and responded to the questions under oath, that he understood the nature, purpose and consequences of the proceeding, that the plea of guilty was knowingly and voluntarily entered, that Petitioner was

11

competent to enter a plea of guilty, that a factual basis existed for the plea, and that Petitioner was guilty as charged. Id. The record also demonstrates that during sentencing proceedings, the trial court advised Petitioner of his right to appeal. Id.

As discussed above, Petitioner failed to file a motion to withdraw his guilty plea and never indicates that he attempted to contact his attorney during the ten-day period with instructions to file a motion to withdraw plea. Nor does he allege that but for counsel's alleged errors, he would have insisted on proceeding to trial. Based on Petitioner's allegations, the Court finds that Petitioner has failed to satisfy either prong of the Strickland standard in arguing that counsel provided ineffective assistance. In addition, and as discussed above, factual findings by a state court are entitled to a presumption of correctness which may be rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). In this case, Petitioner has provided nothing but conclusory allegations and has failed to provide clear and convincing evidence to rebut the presumption of correctness to be afforded the state court's factual findings as cited above. The Court finds that the record contradicts Petitioner's instant allegations concerning entry of his plea. Habeas corpus relief shall be denied on Petitioner's claim of ineffective assistance of counsel pursuant to 28 U.S.C. § 2254(d), (e)(1).

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus should be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**IT IS SO ORDERED** this 31st day of March, 2006.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT